IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLIE PENA,

    Plaintiff,

v.                                                  Civ. No. 11-1102 GBW/WDS

SCRIP, INC. d/b/a
MASSAGE WAREHOUSE,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S CLAIMS UNDER THE UNFAIR PRACTICES ACT**

This matter comes before the Court on Defendant's Motion for Summary Judgment on Plaintiff's Claims Under the Unfair Practices Act, *doc. 49*. Defendant argues that Plaintiff's claims under the Unfair Practices Act (UPA) fail as a matter of law because the UPA does not allow for the recovery of personal injury damages of the type alleged by Plaintiff. Having considered the parties' briefing, *docs. 49, 52, 53*, the Court finds that although Plaintiff cannot recover personal injury damages under the UPA, his claim remains viable because, should a jury find that Defendant has violated the UPA, he could recover statutory damages even in the absence of any actual damages.

**I.**     **BACKGROUND**

Plaintiff Charlie Pena is a licensed massage therapist working in Farmington, New Mexico. *Doc. 1*, ex. A ¶ 2. Defendant Scrip, Inc. is a massage therapy equipment

1

and supplies retailer that operates out of Illinois. *Id*. ¶ 3. Defendant does business in New Mexico as Massage Warehouse via its website, www.massagewarehouse.com. *Id*.

On or about July 26, 2006, Plaintiff ordered two rolling massage stools—NRG Rolling Stools with Removable Backrest, #220 0381—from Defendant. *Id*. ¶ 6. On or about November 23, 2010, Plaintiff was sitting on one of the stools while giving a massage. *Id*. ¶ 10. The stool broke and Plaintiff fell off of it and injured himself. *Id*. ¶¶ 10-13.

Plaintiff filed suit against Defendant in state court on September 8, 2011. *Doc. 1* at 3. Defendant removed the case to this Court on December 14, 2011, pursuant to this Court's diversity jurisdiction. *Doc. 1*. Plaintiff brings three counts: (1) product liability; (2) violation of New Mexico's Unfair Practices Act; and (3) breach of warranty of fitness for a particular purpose. *Id*., ex. A ¶¶ 16-37. As damages, he alleges personal injury, pain and suffering, loss of past and future income, loss of enjoyment of activities, future impairment and disability, past and future medical expenses, nonmedical expenses, and loss of his investment in the massage stool. *Id*. ¶ 39.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), this Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of "show[ing] that there is an absence of evidence to

support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant meets this burden, Rule 56(c) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

"An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Thom v. Bristol Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (internal citation omitted). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A). All material facts set forth in the motion and response which are not specifically controverted are deemed undisputed. D.N.M.LR-Civ. 56.1(b).

When reviewing a motion for summary judgment, the court should keep in mind three principles. First, the court's role is not to weigh the evidence, but to assess the threshold issue whether a genuine issue exists as to material facts requiring a trial. *See Liberty Lobby*, 477 U.S. at 249. Second, the court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party. *See Hunt v. Cromartie*, 526 U.S. 541, 550–55 (1999). Third, the court cannot decide any issues of credibility. *See Liberty Lobby*, 477

U.S. at 255. "[T]o survive the . . . motion, [the nonmovant] need only present evidence from which a jury might return a verdict in his favor." *Id*. at 257.

### III.  ANALYSIS

Count II of Plaintiff's Complaint, brought under the New Mexico Unfair Practices Act (UPA), N.M. Stat. § 57-12-1 *et seq.*, alleges that Defendant misrepresented the capabilities of the NRG massage stools when it said that they "were of sufficient quality to be utilized by massage therapists for the purpose of sitting on while applying massages and that [they] had a working weight of 350 pounds." *Doc. 1*, ex. A ¶ 26. Defendant's summary judgment motion does not contest these factual allegations. Rather, it presents a purely legal argument, alleging that Plaintiff's claim must fail because the UPA "does not apply to product liability claims for damages or personal injury." *Doc. 49* at 2. Plaintiff argues in response that the UPA does apply to personal injury claims and, even if it does not, Plaintiff has asserted other, non-personal injury damages recoverable under the UPA, such as lost wages, lost profits, and the loss of the massage stool itself. *Doc. 52* at 8. The Court finds that while personal injury damages are not recoverable under the UPA, the UPA permits recovery of statutory damages absent proof of any damages, and Plaintiff's claim therefore survives summary judgment.

A. **The New Mexico Unfair Practices Act**

The UPA prohibits the use of "[u]nfair or deceptive trade practices and unconscionable trade practices." N.M. Stat. § 57-12-3. An unfair or deceptive trade practice is "an act specifically declared unlawful pursuant to the [UPA], a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services . . . that may, tends to or does deceive or mislead any person." *Id*. § 57-12-2(D). This includes "representing that goods or services are of a particular standard, quality or grade . . . if they are of another." *Id*. § 57-12-2(D)(7).

The New Mexico Supreme Court "has emphasized that the purpose of the UPA is to extend 'the protection of its broad application to innocent consumers.'" *Jones v. Gen. Motors Corp.*, 953 P.2d 1104, 1108 (N.M. Ct. App. 1998) (quoting *Ashlock v. Sunwest Bank*, 753 P.2d 346, 348 (N.M. 1988)). To that end, the UPA provides a private remedy for persons injured by an unfair or deceptive trade practice:

> Any person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater.

N.M. Stat. § 57-12-10(B). The statute also includes a trebling provision: if a defendant is found to have engaged in the unfair trade practice "willfully," "the court may award up

to three times actual damages or three hundred dollars ($300), whichever is greater, to the party complaining of the practice." *Id*.

### B. Personal injury damages are not available under the UPA

"A federal court sitting in diversity must apply the law of the forum state." *Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir. 1994). Thus, this Court must apply "the most recent statement of [New Mexico] law by the [New Mexico] Supreme Court," if such a case is available. *Blackhawk-Central City Sanitation Dist. v. Am. Guarantee & Liability Ins. Co.*, 214 F.3d 1183, 1188 (10th Cir. 2000). Absent an on-point decision of the New Mexico Supreme Court, "the task is one of predicting how that court would rule" on the issue. *Richter v. Van Amberg*, 97 F. Supp. 2d 1255, 1260 (D.N.M. 2000). "All resources available, including decisions of New Mexico, other states, and federal decisions, and the general weight and trend of authority may be considered." *Id*.

Neither the New Mexico Supreme Court nor the New Mexico Court of Appeals has ruled on whether personal injury damages are recoverable under the UPA. In fact, those courts have manifestly avoided deciding whether the UPA extends to non-economic damages. *See Page & Wirtz Constr. Co. v. Solomon*, 794 P.2d 349, 353 n.1 (N.M. 1990) ("We do not purport to decide in this case whether a plaintiff can recover for damage to reputation under the Unfair Trade Practices Act."); *Apodaca v. AAA Gas Co.*, 73 P.3d 215, 237 (N.M. Ct. App. 2003) ("We do not decide whether the UPA provides a remedy for personal injury claims."). Defendant has directed the Court to two

6

decisions of New Mexico's First Judicial District Court finding that the UPA does not apply to personal injury claims. In the first, *Bloom v. Wyeth-Ayerst Laboratories*, No. D-0101-cv-9803065 (Aug. 3, 2000), the court in an oral ruling said that "the language in [the UPA] stating that the private remedy exists for money or property, real or personal, cannot reasonably be read to include a claim for personal injury." *Doc. 53*, ex. 1 at 2. In the second, *McDougall v. Farmington Medical Investors, LLC*, No. D-0101-cv-2007-02993 (Feb. 10, 2009), the court granted defendants' motion to dismiss plaintiff's UPA claim, but stated only that the UPA "does not apply to claims involving allegations of personal injury or wrongful death." *Doc. 53*, ex. 2. As neither court provides analysis to support its conclusions and since these cases represent the holdings of but one of New Mexico's thirteen trial courts, the Court finds them only somewhat persuasive.

"Under New Mexico law, the goal of statutory interpretation is to determine and give effect to legislative intent[,] . . . the primary indicator [of which] is the plain language of the statute." *United Rentals Nw., Inc. v. Yearout Mech., Inc.*, 573 F.3d 997, 1001 (10th Cir. 2009) (citations omitted). The plain language of the UPA appears to foreclose the recovery of damages under the statute for personal injury claims since it limits the remedy to a person who suffers a "loss of money or property, real or personal." N.M. Stat. § 57-12-10(B). On its face, this language suggests that the provision is restitutionary and therefore limited to economic losses. New Mexico Supreme Court precedent supports this conclusion: the Court has held that in order to

7

recover damages under § 57-12-10(B) of the UPA, "the aggrieved party must produce evidence of 'loss of money or property' as a result of the practice." *Page & Wirtz*, 794 P.3d at 354-55.

Applying this reasoning, federal courts in the District of New Mexico have held that the UPA does not allow recovery of damages for emotional distress. *See Obenauf v. Frontier Fin. Group, Inc.*, 785 F. Supp. 2d 1188, 1223 (D.N.M. 2011) (finding emotional damages are not a "loss of money or property," in part because "[t]he New Mexico Legislature knows how to address emotional damages in statutes, and the legislature distinguishes between property damage and emotional injuries"); *Garbin v. Lenahan*, No. 04-cv-409 (D.N.M. Oct. 29, 2004) (doc. 16 ¶ 66) (finding emotional harms do not constitute a "loss of money or property"). While emotional harms are distinguishable from physical injuries, neither are purely economic losses—any economic losses sustained, such as medical bills and lost income, are a consequence of the injury suffered. The only court to have directly considered the application of the UPA to personal injury claims—the United States District Court for the Northern District of Texas—relied on this same reasoning when it found that personal injury damages are not a "loss of money or property" and are therefore not recoverable under the UPA. *Price v. Takata Corp.*, 2009 WL 424349, at *2 (N.D. Tex. Feb. 20, 2009).

When interpreting statutory language, this Court must also "construe[] each part of an act in connection with every other part so as to produce a harmonious whole. The

[] court looks to the object the legislature sought to accomplish and the wrong it sought to remedy." *Lopez v. Employment Sec. Div.*, 802 P.2d 9, 10 (N.M. 1990)). The construction of the UPA indicates that it was not intended to provide a remedy for personal injuries. In § 57-12-10(A), the subsection directly preceding the provision at issue, the statute provides a private cause of action for injunctive relief to "[a] person likely to be damaged by an unfair or deceptive trade practice . . . . Proof of monetary damage[ or] loss of profits . . . is not required." N.M. Stat. § 57-12-10(A). The fact that this provision not only omits the "loss of money or property" requirement in § 57-12-10(B), but also explicitly states that proof of monetary damages is not required reinforces the conclusion that, in adding the "loss of money or property" language to § 57-12-10(B), the legislature intended to limit the scope of that provision to claims alleging economic damages. Section 57-12-10(D) also supports a narrower interpretation of § 57-12-10(B). That provision states that "[t]he relief provided in this section is in addition to remedies otherwise available against the same conduct under the common law or other statutes in this state." *Id*. § 57-12-10(D). This suggests that the legislature intended the UPA to supplement other claims, like negligence and breach of warranty, rather than supplant them. Finally, it is worth noting that the trebling provision of § 57-12-10(B), if applied to personal injury damages, could lead to extremely large awards. While that provision was plainly meant to be punitive, it is not clear whether the legislature intended it to be quite so debilitating to defendants.

9

Interpreting New Mexico's UPA to exempt personal injury claims would also be consistent with the way other states have interpreted their own unfair practices statutes. New Mexico's UPA is an example of a "little FTC act"—that is, a state consumer protection statute that supplements the Federal Trade Commission Act by, among other things, providing a private cause of action. *See* William Houston Brown, *The Law of Debtors and Creditors* § 1:9 (2012). Its language resembles that of similar statutes in other states. The unfair practices statutes of Connecticut, Maine, Oregon, and Tennessee all contain a provision identical to that of the UPA, limiting the private remedy thereunder to people who suffer a "loss of money or property, real or personal." *See* Conn. Gen. Stat. Ann. § 42-110g(a); Me. Rev. Stat. Ann. 5 § 213; Or. Rev. Stat. § 646.638(1); Tenn. Code Ann. § 47-18-109. Hawaii and Washington's statutes use similar, but not identical language, limiting damages to any person who is injured in his "business or property." *See* Haw. Rev. Stat. § 480-13; Wash. Rev. Code § 19.86.090. Courts in all of these states have held that their unfair practices statutes do not provide a remedy for personal injuries. *See Deutsche Bank v. Lichtenfels*, 2009 WL 2230937, at *1-*3 (Conn. Super. Ct. June 17, 2009); *Bartner v. Carter*, 405 A.2d 194, 202-03 (Me. 1979); *Gross-Haentjens v. Leckenby*, 589 P.2d 1209, 1210 (Or. 1979); *Kirksey v. Overton Pub, Inc.*, 804 S.W.2d 68, 73 (Tenn. Ct. App. 1990); *Beerman v. Toro Mfg. Corp.*, 615 P.2d 749, 754-55 (Haw. Ct. App. 1980); *Ambach v. French*, 216 P.3d 405, 408-09 (Wash. 2009); *see also Blowers v. Eli Lilly & Co.*, 100 F. Supp. 2d 1265, 1267-70 (D. Haw. 2000) (finding post-*Beerman* amendments to

10

Hawaii's unfair practices statute did not extend the law to personal injury claims); *Birdsong v. Eli Lilly & Co.*, 2011 WL 1259650, at *2-*3 (M.D. Tenn. 2011) (construing *Kirksey's* holding that Tennessee statute does not apply to wrongful death claims as prohibiting personal injury claims). The unfair practices statutes of Kentucky, Missouri, and Pennsylvania, also include "loss of money or property" language identical to that of New Mexico's UPA. S*ee* Ky. Rev. Stat. Ann. § 367.220; Mo. Ann. Stat. § 407.020; Pa. Cons. Stat. 73 § 201-9.2. While courts in these states do not appear to have ruled on whether their statutes encompass personal injury claims, federal courts sitting in those states have found that the statutes do not provide damages for emotional distress.[1] *See Peacock v. Damon Corp.*, 458 F. Supp. 2d 411, 420 (W.D. Ky. 2006); *Ford v. St. Louis Metro. Towing, L.C.*, 2010 WL 618491, *14-*15 (E.D. Mo. Feb. 18, 2010); *Krisa v. Equitable Life Assurance Soc'y*, 113 F. Supp. 2d 694, 707 (M.D. Pa. 2000); *In re Bryant*, 111 B.R. 474, 479-80 (Bankr. E.D. Pa. 1990).

All of these courts, both state and federal, found that the limiting language indicated that the statutes were intended to provide restitution solely for economic losses suffered as the result of a deceptive trade practice. *See, e.g., Gross-Haentjens*, 589 P.2d at 1211; *Bartner*, 405 A.2d at 202-03; *Ambach*, 216 P.3d at 172-74; *Krisa*, 113 F. Supp. 2d at 707. They have also noted that "persons suffering personal injuries as the result of

---

[1] Louisiana's Unfair Trade Practices and Consumer Protection Law is an exception. That statute gives a private right of action to "[a]ny person who suffers any ascertainable loss of money or moveable property, corporeal or incorporeal," La. Rev. Stat. Ann. § 51:1409, but Louisiana's courts have found that damages for mental anguish and humiliation are recoverable. *See Slayton v. Davis*, 901 So.2d 1246, 1255 (La. Ct. App. 2005).

11

defective goods . . . already have remedies against the manufacturers and sellers of such goods in causes of action for negligence, breach of warranty and 'strict liability.'" *Gross-Haentjens*, 589 P.2d at 1211. This reasoning holds true in New Mexico as well. As discussed above, the structure of the UPA indicates that the New Mexico legislature added the "loss of money or property" requirement to § 57-12-10(B) to limit that provision to economic losses. Moreover, New Mexico provides alternative causes of action for personal injuries caused by defective products, as is clear from Plaintiff's two common law counts. *See doc. 1*, ex. A ¶¶ 16-23, 30-37.

In contrast, courts have interpreted unfair practices statutes to provide a remedy for personal injuries when the statutes lack any limiting language.[2] For example, Maryland and Virginia's statutes provide a cause of action for any person who suffers "injury or loss" or a "loss," respectively. Md. Code. Ann. Com. L. § 13-408; Va. Code Ann. § 59.1-204. Courts in both states have found that this broad language encompasses personal injury claims. *See Humphrey v. Leewood Healthcare Ctr.*, 73 Va. Cir. 346, at *3 (Va. Cir. Ct. 2007); *Barnette v. Brook Rd., Inc.*, 429 F. Supp. 2d 741, 751-52 (E.D. Va. 2006); *Green v. N.B.S., Inc.*, 976 A.2d 279, 286 (Md. 2009); *but see Devonshire v. Euraupair* Int'l, Inc., 40 Va. Cir. 149, (Va. Cir. Ct. 1996) (finding Virginia Consumer

---

[2] This is not an exhaustive list of all state unfair practices statutes. There are numerous states for which this Court did not find case law applying their unfair practices statutes to personal injury or emotional damages claims. Similarly, there are numerous states whose statutes are not helpful to this analysis— for example, because they explicitly exempt personal injury claims. *See, e.g.,* Fla. Stat. Ann. § 501.212(3); Ill. Comp. Stat. Ann. 815 § 505/10b(5); Ohio Rev. Code Ann. § 1345.12(C); Tex. Bus. & Com. Code Ann. § 17.45(11); Utah Code Ann. § 13-11-22(1)(c).

Protection Act does not allow recovery of bodily injury damages). Tellingly, Massachusetts' statute included the "money or property" language until 1979 when the legislature eliminated it in order to encompass personal injury claims. *Hershenow v. Enter. Rent-A-Car Co. of Boston, Inc.*, 445 Mass. 790, 797-98 (Mass. 2006).

Finally, Plaintiff does not provide any convincing reasons to interpret the UPA to provide personal injury damages. He notes that § 57-12-10(A) and (C) allow injunctive relief and attorney's fees, respectively, without requiring any loss of money or property. *Doc. 52* at 6-8. While true, the omission of the requirement from those provisions serves only to highlight the legislature's clear intent to limit the recovery of damages in § 57-12-10(B). To the extent that Plaintiff suggests that his claim arises under § 57-12-10(A), *doc. 52* at 8, that argument must be rejected. Section 57-12-10(A) applies only to claims for injunctive relief and Plaintiff did not request injunctive relief in his complaint.

The weight of authority, both within and without New Mexico, as well as the UPA's language and construction, leads this Court to find that the UPA does not allow for the recovery of personal injury damages.

### C. **The Court will not dismiss Plaintiff's UPA claim because Plaintiff may recover statutory damages in the absence of personal injury damages**

Having determined that the UPA does not provide a cause of action for the recovery of personal injury damages, the Court now turns to the question of whether Plaintiff's claim must be dismissed on that basis. Plaintiff argues that his UPA claim remains viable even if he cannot recover personal injury damages because he has also

13

suffered losses of money and property.  As examples of these losses, he points to the broken massage stool, his lost income, and "nonmedical expenses."  *Doc. 52* at 6.  Defendant argues in response that Plaintiff's monetary claims are derivative of his personal injury claims and therefore not recoverable under the UPA.  *Doc. 53* at 3-4.

The Court need not, and ought not, determine whether the UPA permits recovery of monetary losses that are derivative of his personal injury claims.  The Court need not decide the issue for two reasons.  First, Plaintiff has pled at least one form of damages not derivative of his personal injury claim—the loss of his investment in the massage stool.[3]  New Mexico courts have held that the UPA permits recovery of damages for monetary losses caused by defective misrepresented products.  *See Jones*, 124 N.M. at 610-11 (finding UPA applicable to losses caused by need to repair substandard car represented as high quality); *Lohman v. Daimler-Chrysler Corp.*, 142 N.M. 437, 446 (N.M. Ct. App. 2007) (finding damages potentially recoverable under the UPA for losses caused by defective seatbelts, including diminution of vehicle value, deprivation of benefit of the bargain, and cost of repair).  This is true even when another cause of action, such as a common law tort or a product liability statute, is available.  *See* N.M. Stat. § 57-12-10(D) ("The relief provided in this section is in addition to remedies otherwise available against the same conduct under the common law or other statutes

---

[3] Plaintiff argues that his "nonmedical expenses" and lost income are also monetary losses distinct from his personal injury damages.  *See doc. 52* at 4, 6-8.  Both of these losses appear to be the direct consequence of Plaintiff's injury—the unnamed nonmedical expenses were "required as a result of the injury" and the income was lost due to Plaintiff's inability to work while injured.  *Doc. 1*, ex. A ¶ 39.  The Court does not decide whether these losses are recoverable under the UPA.

14

of this state."); *Jones*, 124 N.M. 606 (involving claims under both the UPA and New Mexico's Lemon Law for losses arising out of a defective car).

Second, even if, as Defendant argues, the loss of the massage stool is subsumed into Plaintiff's personal injury damages, under the New Mexico Supreme Court's interpretation of § 57-12-10(B), Plaintiff's UPA claim may go forward absent *any* valid claim for damages. Section 57-12-10(B) allows for recovery of either actual damages or statutory damages of $100, whichever is greater. N.M. Stat. § 57-12-10(B). On its face, § 57-12-10(B) appears to limit the recovery of both actual damages and statutory damages to persons who have suffered a "loss of money or property, real or personal." *Id*. However, the New Mexico Supreme Court has interpreted the provision to permit recovery of statutory damages even in situations where the plaintiff has failed to prove any damages whatsoever. The Supreme Court implied this interpretation in *Page & Wirtz Construction Co. v. Solomon*, in which it held, without explanation, that a party's recovery was limited to $100 since he had not suffered a loss of money or property. 110 N.M. at 211-12. Since then, the New Mexico Court of Appeals has twice clarified and affirmed that holding. In *Jones v. General Motors Corp.*, the Court said that *Page & Wirtz* stands for the proposition that "[i]n the absence of actual losses, Plaintiff is still entitled under [the] UPA to recover the statutory damages of $100." 124 N.M. at 611. Most recently, in *Lohman v. Daimler-Chrysler Corp.*, the Court of Appeals refused to dismiss a UPA claim for losses caused by fraudulently-certified seatbelts despite the fact that

15

plaintiffs' "prayer for damages appears rather speculative," reasoning that plaintiffs may recover statutory damages even if they have suffered no economic losses. 142 N.M. at 446; *see also Pedroza v. Lomas Auto Mall, Inc.*, 663 F. Supp. 2d 1123, 1130-35 (D.N.M. 2009) (reviewing and applying New Mexico case law regarding the availability of damages under the UPA when the plaintiff has not suffered actual loss); *In re Cook*, slip op., 2012 WL 4801133, at * (10th Cir. 2012) (reversing district court's grant of summary judgment for defendant on UPA claim for failure to show detrimental reliance on alleged misrepresentation because "a plaintiff who cannot show detrimental reliance or actual harm may nevertheless recover statutory damages").

The Court has not found a New Mexico state court case that has applied these cases to a situation in which the plaintiff's primary claim is for personal injury. However, federal courts in the District of New Mexico have encountered analogous cases in which a plaintiff has pled primarily emotional damages under the UPA. In *Obenauf v. Frontier Financial Group, Inc.*, Mr. Obenauf, a part-time lecturer at the University of New Mexico, received numerous harassing phone calls at his office from Frontier Financial Group, a debt collection agency attempting to reach his predecessor. 785 F. Supp. 2d 1188, 1191 (D.N.M. 2011). The court found that emotional distress damages are not available under the UPA and that Mr. Obenauf's only compensable damages were for the $11.08 he spent on postage for letters mailed to the defendant. *Id.*

at 1222-23. The court therefore awarded Mr. Obenauf statutory damages of $300.[4] *Id*. at 1223. Similarly, in *Garbin v. Lenahan*, Ms. Garbin received numerous harassing phone calls from the defendant law office regarding debt collection. No. 04-cv-409, at 3-6 (D.N.M. Oct. 29, 2004) (doc. 16). The court found that Ms. Garbin suffered only non-economic damages including "aggravation, inconvenience, lost time, anxiety, humiliation, fear, and upset." *Id*. at 9, 22. Citing *Page & Wirtz*, it held that Ms. Garbin was entitled to statutory damages of $300. *Id*. at 22.

This case is closely analogous to *Obenauf* and *Garbin*. Plaintiff has pled primarily personal injury damages, which as discussed above, are not compensable under the UPA. *See doc. 1*, ex. A ¶ 39. His only obvious potential monetary damages appear to be his lost investment in the massage stool, which cost only $69.99. *See doc. 52* at 4. Yet, should a jury find at trial that Defendant engaged in deceptive practices in violation of the UPA, Plaintiff is entitled to statutory damages regardless of whether the jury finds he suffered any economic loss. Thus, the potential for a total lack of damages recoverable under the UPA does not render the claim meritless.

Finally, the Court ought not decide whether and which losses derivative of a personal injury claim are recoverable under the UPA. Pursuant to the principle of comity, this Court should not decide issues of state law unnecessarily. *See Nostrand v.*

---

[4] Section 57-12-10(B) allows a court to treble a damages award if "the party charged with an unfair or deceptive trade practice or an unconscionable trade practice has willfully engaged in the trade practice." N.M. Stat. § 57-12-10(B). Thus, a court may treble an award of statutory damages of $100 to $300. *Id*.

17

*Little*, 362 U.S. 474, 475-76 (1960) (referencing "the principle of comity that should be afforded the State with regard to the interpretation of its own laws); *Burleson v. Saffle*, 278 F.3d 1136, 1144 (10th Cir. 2002) (noting in a habeas case that "it would be improper for us as a federal reviewing court to divine which construction the state court chose to give its own statute from amongst a universe of more or less plausible possibilities"). New Mexico courts have not squarely addressed the availability under the UPA of damages derivative of a personal or emotional injury claim and existing case law does not provide much guidance. *Hale v. Basin Motor Co.*, 795 P.2d 1006, 1013 (N.M. 1990), is illustrative of the lack of consensus on the availability of consequential damages under the UPA. The majority in that case stated that the court "may have looked favorably" on a claim under the UPA for paid vacation lost due to litigation demands had it been properly raised before the trial court. 795 P.2d at 1013. The concurrence disagreed, stating whether "we might look favorably on a claim for 'lost paid vacation time' as compensable damages under the Act. . . . depend[s] on whether the statute should be construed to permit recovery of consequential damages . . . ." *Id*. at 1015. Since it is not necessary for this Court to decide the issue in order to resolve the instant motion, the Court will, at this time, abstain from ruling on it.

## IV.   CONCLUSION

The weight of authority indicates that personal injury damages are not available under the UPA. However, Plaintiff's UPA claim remains viable since statutory

damages are available under the UPA regardless of whether Plaintiff has suffered actual damages recoverable under the statute. Therefore, Defendant's Motion for Summary Judgment on Plaintiff's Claims Under the Unfair Practices Act, *doc. 49*, is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**