IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLIE PENA,

        Plaintiff,

vs.                                        CIVIL NO. 11-1102 GBW/LFG

SCRIP, INC., dba
Massage Warehouse,

        Defendant.

## **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

THIS MATTER is before the Court on Plaintiff Charlie Pena's ("Pena") "Motion to Compel" [Doc. 78], filed March 22, 2013. The Court considered the motion, Response in opposition [Doc. 84], and the Reply [Doc. 86]. Oral argument is not necessary. For the reasons hereafter stated, the motion is DENIED as being untimely.

The Court's Scheduling Order [Doc. 13] imposed case management deadlines, including a deadline for filing discovery motions:

> Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing party by November 12, 2012. See D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the twenty-[one] day time limit in D.N.M.LR-Civ. 26.6.

[Doc. 13, at 1]. This District's local rules require that a party file a motion to compel within 21 days of service of objections or responses to requests for production. D.N.M.LR-Civ. 26.6.

Pena's present motion is filed well after the 21-day time limit in the district's local rule and substantially after the November 12, 2012 deadline for filing discovery-related motions. Pena

contends that since Defendant agreed to produce documents, the local rule time limit is inapplicable. However, Defendant advised that it had no records to produce. If Pena disputed this, it was incumbent upon him to take action within the time limits imposed by the referral magistrate judge.[1]

Moreover, in his reply to the motion, Pena sets forth a number of arguments that have no bearing on the resolution of this motion to compel. [Doc. 86]. For example, he asserts that Defendant failed to adhere to the expert disclosure deadline, failed to timely notice depositions, ignored the discovery deadline, and filed a number of motions subsequent to the motion filing deadlines. Thus, Plaintiff asserts that Defendant should be estopped from claiming untimeliness on the part of Plaintiff.

To the extent Defendant did not adhere to deadlines or violated provisions of the Scheduling Order, Plaintiff was required to raise these matters by separate motion. The issue presently before the Court is whether Pena's motion is timely, not whether Defendant violated provisions of the Scheduling Order. The present motion is filed out of time and without obtaining the Court's permission to file a tardy motion. Thus, it must be denied.

IT IS THEREFORE ORDERED that Pena's Motion to Compel is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[1] In addition, according to Defendant's response, the previously assigned magistrate judge, W. Daniel Schneider, addressed this issue with counsel on February 27, 2013. At that conference defense counsel informed Plaintiff's counsel that Defendant did not possess any other responsive documents and that all responsive materials were in the possession of a third party. Magistrate Judge Daniel Schneider instructed Plaintiff to subpoena the documents from the third party. [*See* Doc. 84, at 2.] Plaintiff did not explain if or why he failed to issue an appropriate subpoena. The Court does not revisit the previous Magistrate Judge's determinations or instructions to counsel.